Kevin Frank (0077211)
Attorney for Plaintiff Katherine Powell

D84831989 IN1

COURT OF COMMON PLEAS
HAMILTON COUNTY, OHIO

KATHERINE K. POWELL
c/o Atty

Plaintiff,

vs.

CNA INSURANCE COMPANIES,
333 S. Wabash Ave., 39 South
Chicago, IL 60685

and

CONTINENTAL CASUALTY COMPANY
CNA Plaza
333 S. Wabash Ave.
Chicago, IL 60604

Defendants.

Case No. A0908251 KM

(Judge            )

**COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES**

ORIG, COMP, PARTIES, SUMMONS
(X) CERT MAIL   ( ) SHERIFF   ( ) WAVE
( ) PROCESS SERVER   ( ) NONE
CLERKS FEES _____ TIC
SECURITY FOR COST _____
DEPOSITED BY _____ 77211
FILING CODE _____ H700

---

Plaintiff Katherine Powell ("Powell"), by and through counsel, hereby states for her complaint against Defendants CNA Insurance Companies ("CNA") and Continental Casualty Company ("Continental"), collectively "Defendants," as follows:

1. Powell is an individual residing in Hamilton County, Ohio.

2. Upon information and belief CNA is an Illinois corporation with its principal offices at 333 S. Wabash Ave., Chicago, IL, doing business in Hamilton County, Ohio.

3. Upon information and belief Continental is an Illinois corporation with its principal offices at 333 S. Wabash Ave., Chicago, IL, doing business in Hamilton County, Ohio.

4. Upon information and belief, Continental is affiliated with or is a subsidiary of CNA.

5. Jurisdiction and venue are proper in this court.

## COUNT ONE

### Declaratory Relief

6. Plaintiff restates and incorporates the above allegations as if fully set forth herein.

7. Powell was an attorney licensed to practice in the State of Ohio.

8. Powell purchased a legal malpractice insurance policy from Defendants, including a policy covering claims made during the period from August 15, 2008 to August 15, 2009, Policy No. 287278978, entitled Lawyers Professional Liability Policy ("Policy"). A true and correct copy of the policy is attached hereto as Exhibit A, which is hereby incorporated herein.

9. The Policy and all attendant premiums were fully paid.

10. On January 21, 2009, Matt and Chara Donovan ("Donovans") filed a Complaint against Powell in the Court of Common Pleas in Hamilton County, Ohio, Case No. A0900615. The initial Lawsuit was not served on Powell.

11. The Donovans filed a First Amended Complaint in the same action against Powell on January 22, 2009, which was not served on Powell.

12. The Donovans filed a Second Amended Complaint in the same action against Powell on February 5, 2009 ("Donovan Lawsuit"), which is hereby incorporated herein

13. The Donovan Lawsuit asserts, among other things, that the Donovans entrusted a legal matter to Powell pertaining to a real estate transaction, such that Powell committed fraud and/or breached a fiduciary duty to the Donovans.

14. The Donovan Lawsuit purports to have been served, according to court records, on Powell by certified mail on February 9, 2009, although it was delivered to an old address of Powell's and Powell did not receive actual service until a later date.

15. Powell timely notified Defendants of the Donovan Lawsuit.

2

16. On February 4, 2009, Defendant Pleasant Ridge Holdings I, LLC ("PRH") filed a Third Party Complaint against Powell ("PRH Complaint"), which is hereby incorporated herein.

17. Powell timely notified Defendants of the PRH Complaint.

18. The PRH Complaint was not officially served on Powell until she voluntarily accepted service effective May 19, 2009.

19. The PRH Complaint alleges, among other things, that Powell committed intentional and/or negligent misrepresentation, breach of contract, and slander of title in regard to a real estate transaction.

20. On April 16, 2009, Defendants Ray and Judy Nichols filed Cross-Claims against Powell ("Nichols Complaint"), which is hereby incorporated herein.

21. Powell timely notified Defendants of the Nichols Complaint.

22. Powell accepted service of the Nichols Complaint effective May 19, 2009.

23. The Nichols Complaint alleges, among other things, that the Nichols contacted Powell to provide legal advice as to certain real estate transactions, met with Powell on a number of occasions on the property and at Powell's office from which she conducted her law practice, and that Powell did in fact provide legal advice to the Nichols.

24. The Nichols Complaint alleges that Powell acted as legal counsel to the Nichols in the context of certain real estate transactions.

25. The Nichols Complaint alleges that, based on their lawyer-client relationship with Powell, the Nichols did not see an opinion or advice from other counsel.

26. The Nichols Complaint alleges that the Nichols believed that Powell was acting as the Nichols' attorney in the course of certain transactions.

27. The Nichols Complaint alleges that Powell reviewed real estate and loan documents for the Nichols and advised that said documents met pertinent legal requirements.

28. The Nichols Complaint alleges that Powell committed legal malpractice by, among other things, negligently advising the Nichols as to their legal rights and deviating from the standard of care owed to the Nichols.

29. The Nichols Complaint alleges that Powell breached her duty of loyalty to the Nichols by, among other things, negligently deviating from the standard of care attendant in the Powell's lawyer-client relationship with the Nichols.

30. All aforesaid claims and allegations, including but not limited to those set forth in the Donovan Complaint, the PRH Complaint, and the Nichols Complaint (collectively the "Claims"), constitute valid and proper claims against Powell that fall within the coverage of the Policy such that Defendants are required to defend and indemnify Powell against such Claims.

31. Defendants denied coverage for said Claims and refused to fulfill its obligations to defend and indemnify Powell.

32. In light of Defendants' denial of coverage and refusal to defend and indemnify Powell against said Claims, a judicial controversy exists, and this Court should issue a declaration of the rights and duties of the parties under the Policy.

33. Powell seeks declaratory relief from the Court pertaining to the rights and obligations of the respective parties pertaining to the Policy, in that the Claims fall with the coverage of the Policy and Defendants are obligated to defend and indemnify Powell against such Claims.

34. Powell seeks a declaration from the Court that Defendants are required to pay for and/or reimburse Powell's attorney's fees expended in defending herself against said Claims due to the fact that Defendants wrongly denied coverage.

4

## COUNT TWO

### Breach of Contract

35. Plaintiff restates and incorporates the above allegations as if fully set forth herein.

36. Defendants' refusal to defend and indemnify Powell against such Claims as required by the Policy constitutes a breach of contract.

37. Defendants' breach directly and proximately caused damages to Powell in excess of $25,000 in an amount to be proven at trial.

## COUNT THREE

### Bad Faith

38. Plaintiff restates and incorporates the above allegations as if fully set forth herein.

39. Defendants' refusal to provide coverage under the Policy and to defend and indemnify Powell against such Claims was done without reasonable justification.

40. Defendants breached their duty to Powell to act in good faith in its handling of the Claims and in fulfilling their obligations to defend and indemnify Powell against said Claims.

41. Defendants' bad faith directly and proximately caused damages to Powell in excess of $25,000 in an amount to be proven at trial.

42. As a result of Defendants' bad faith, Powell is entitled to punitive damages and attorney's fees and all other relief allowed by law.

## COUNT FOUR

### Unjust Enrichment

43. Plaintiff restates and incorporates the above allegations as if fully set forth herein.

44. That Powell paid the premiums for the Policy, and Defendants accepted such payment yet refused to honor their obligations to provide the benefits of said Policy and defend and indemnify Powell against said Claims, Defendants have been unjustly enriched, including

5

but not limited to the amount of the payments and Powell's legal expenses.

WHEREFORE, Plaintiff Katherine Powell prays for the following relief:

A. That judgment be entered in Plaintiff's favor on all claims;

B. For compensatory damages to Powell in excess of $25,000 in an amount to be proven at trial;

C. A declaration that the Policy issued by Defendants to Powell provides for a complete defense and indemnification of Powell against the Claims at issue;

D. A declaration that Defendants must pay and/or reimburse Powell for her legal costs incurred but for Defendants' refusal to fulfill their obligations under the Policy;

E. For Plaintiff's reasonable costs and attorney's fees;

F. For punitive damages against Defendants;

G. For prejudgment and postjudgment interest;

H. For any such other legal and equitable relief as the Court deems just and proper.

OF COUNSEL:

WOOD & LAMPING LLP

Respectfully submitted,

*/s/ Kevin K. Frank*

Kevin K. Frank (0077211)
600 Vine Street, Suite 2500
Cincinnati, Ohio 45202
Tel: (513) 852-6004
Fax: (513) 419-6404
kkfrank@woodlamping.com
Attorneys for Plaintiff Katherine Powell

CLERK: PLEASE SERVE THE DEFENDANTS VIA US CERTIFIED MAIL, RETURN RECEIPT REQUESTED, AT THE ADDRESSES SHOWN IN THE CAPTION OF THIS COMPLAINT.

384262.2