UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KATHERINE K. POWELL,
    Plaintiff

vs

CONTINENTAL CASUALTY
COMPANY,
    Defendant

Case No. 1:09-cv-710

Spiegel, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

    This matter is before the Court on defendant Continental Casualty Company's motion for summary judgment or, in the alternative, to dismiss for failure to prosecute (Doc. 31), to which plaintiff Katherine K. Powell has not responded. For the reasons that follow, the undersigned recommends that this action be dismissed with prejudice for plaintiff's failure to prosecute and to obey the Orders of this Court.

    Plaintiff initiated this action through counsel in state court seeking declaratory and monetary relief from Continental Casualty Company, plaintiff's malpractice insurer. (Doc. 4). On September 28, 2009, defendant Continental removed the action to this federal court. (Doc. 1). After the scheduling order was entered, counsel for plaintiff moved to withdraw due to Ms. Powell's "nonpayment of legal fees and lack of communication necessary to prepare a case." (Doc. 18 at 1). The Court set a hearing date of March 4, 2010, and ordered Ms. Powell to appear with counsel and show cause why counsel should not be permitted to withdraw from his representation of her. (Doc. 19). The Court subsequently rescheduled the hearing at Ms. Powell's request for March 9, 2010, and notified Ms. Powell that her failure to attend may result in the dismissal of the action for failure to abide by an Order of the Court. (Doc. 21 at 2).

    Ms. Powell failed to attend the hearing set by the Court despite being served with notice

of the hearing by both regular and certified mail. (*See* docket notation of March 9, 2010; Doc. 22). On March 10, 2010, the Court ordered plaintiff Powell to comply with all discovery requests by the discovery deadline of May 1, 2010. (Doc. 22). Plaintiff Powell was also "advised that failure to comply with all discovery requests by the May 1, 2010 deadline shall result in the dismissal of this action for want of prosecution." (Doc. 22 at 2).

On April 6, 2010, the Court granted counsel for plaintiff's motion to withdraw and reiterated that plaintiff Powell must "comply with all discovery requests by May 1, 2010, or this matter will be dismissed with prejudice. . . subject to further order of the Court." (Doc. 28).

Continental served Powell with document requests, requests for admission, and interrogatories. (Doc. 32, Exhs. 5, 6, and 7). Powell failed to respond to any of the discovery requests. (Doc. 32, Porotsky Aff., ¶11). On March 26, 2010, Continental served Powell with a notice of deposition scheduled for April 27, 2010. (Doc. 32, Exh. 9). However, Ms. Powell failed to appear for the deposition. (Doc. 32, Porotsky Aff., ¶11, Exh. 8 at 3).

On June 1, 2010, defendant Continental filed its motion for summary judgment or, in the alternative, to dismiss for failure to prosecute. (Doc. 31). On June 30, 2010, the Court ordered plaintiff Powell to show cause, in writing, why the motion should not be construed as unopposed and granted for the reasons stated in the motion. (Doc. 35). The Show Cause Order, which was sent by certified mail, was returned by the United States Postal Service as unclaimed/unable to forward. (Doc. 36). On October 18, 2010, a second Show Cause Order was sent to plaintiff Powell by ordinary mail. (Doc. 39). Plaintiff was granted an additional twenty days in which to respond to the Show Cause Order. *Id.* To date, plaintiff Powell has not responded to the Show Cause Order or to defendant's pending motion.

2

District courts have the inherent power to *sua sponte* dismiss civil actions for want of prosecution to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-631 (1962). *See also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). Failure of a party to respond to an order of the Court warrants invocation of the Court's inherent power. *See* Fed. R. Civ. P. 41(b).

The Sixth Circuit considers four non-dispositive factors in evaluating a dismissal under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*U.S. v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002) (quoting *Knoll v. Am. Tel. & Telegraph Co.*, 176 F.3d 359, 363 (6th Cir. 1999)). Applying those four factors in this case, dismissal is appropriate.

First, plaintiff was advised multiple times by the Court of her obligation to timely comply with discovery requests, yet repeatedly ignored the Court's Orders.

Second, defendant Continental has expended time and resources in attempting to conduct discovery in this matter, including noticing and attending a deposition at which plaintiff failed to appear, and in filing a motion for summary judgment. *See Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997) (defendant prejudiced by plaintiff's failure to cooperate in discovery where defendant "waste[d] time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide").

Third, plaintiff was warned three times that her failure to comply with discovery would result in the dismissal of her case. (Docs. 21, 22, 28).

3

Fourth, the Court finds that less drastic sanctions are not appropriate under the particular circumstances of this case. Allowing plaintiff to proceed with this action in the face of her utter failure to prosecute this case, respond to discovery, respond to defendant's motion, and obey the Orders of this Court would undermine the effect of the Court's Orders and the Civil Rules. Our judicial system depends on these procedural rules to allow the Court to facilitate fair and just resolutions of disputes submitted to the Court.

Accordingly, the undersigned **RECOMMENDS** that plaintiff's complaint be **DISMISSED** with prejudice pursuant to Fed. R. Civ. P. 41(b), and that defendant Continental's motion to dismiss for failure to prosecute (Doc. 31) be **GRANTED**.

Date: 11/15/2010

Karen L. Litkovitz
United States Magistrate Judge

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KATHERINE K. POWELL,
    Plaintiff

vs

CONTINENTAL CASUALTY
COMPANY,
    Defendant.

Case No. 1:09-cv-710

Spiegel, J.
Litkovitz, M.J.

**NOTICE TO THE PARTIES REGARDING FILING OF OBJECTIONS TO THIS R&R**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to these proposed findings and recommendations within **FOURTEEN DAYS** after being served with this Report and Recommendation ("R&R"). Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days (excluding intervening Saturdays, Sundays, and legal holidays) because this R&R is being served by mail. That period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. If the R&R is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

5

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY | |
|---|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ✗ | ☑ Agent<br>☐ Addressee |
| | B. Received by (*Printed Name*) | C. Date of Delivery |
| 1. Article Addressed to:<br><br>Katharine Powell<br>5820 Woodmont Avenue<br>Cincinnati, OH 45213 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No | |
| | 3. Service Type<br>☑ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D. | |
| | 4. Restricted Delivery? (*Extra Fee*) ☐ Yes | |
| 2. Article Number<br>(*Transfer from service label*) | 7002 3150 0000 8388 3530 | |

PS Form 3811, August 2001   Domestic Return Receipt   102595-02-M-1540

1:09cv710 (Doc. 40)